# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2868-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CRAIG T. SOROKACH,

     Defendant-Appellant.

_____

Submitted January 27, 2021 – Decided  February 22, 2021

Before Judges Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 18-04-0531.

Joseph E. Krakora, Public Defender, attorney for appellant (Michael Denny, Assistant Deputy Public Defender, of counsel and on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief; Alecia Woodard, Legal Assistant, on the brief).

PER CURIAM

Defendant Craig T. Sorokach appeals from the February 8, 2019 order of the Law Division denying his admittance into the Monmouth County Pretrial Intervention Program (PTI). We affirm.

I.

We derive the following facts from the record. Between April 26, 2017, and May 6, 2017, defendant posted advertisements in the personal section on Craigslist. One of defendant's advertisements entitled, "High School Sluts M4W,"[1] read:

> Are you in high school[,] maybe this is your last y[ea]r . . . [D]o you wanna be a slut or are you a slut and just want dick . . . email here . . . [P]ut "hss[,]" send age[,] stats[,] pics[,] and what you['re] into sexually and let['s] make it happen[.] [B]e clean[,] discreet[,] and hopefully really tight but all welcome . . .

On April 26, 2016, Detective Tiffany Lenart of the Monmouth County Prosecutor's Office assumed the identity of a fifteen-year-old girl named J.S.[2]

---

[1] The majority of the references in the record to the original advertisement use the acronym "M4W," defined as "Man for Woman," while a portion of the prosecutor's letter recommending denial of defendant's application uses the acronym "M4F" presumably defined as "Male for Female." The discrepancy is immaterial to the present appeal.

[2] We use initials to protect the identity of the victim, although it is a fictitious alias for an undercover officer. All references herein to J.S. refer to Detective Lenart acting under the alias of J.S.

Posing as J.S., Detective Lenart responded to defendant's advertisement indicating she was a fifteen-year-old girl from Freehold. Defendant responded to J.S. that he was a thirty-one-year-old mechanic from Brick. The two began to exchange sexually explicit messages, and defendant sent J.S. three pictures of his genitalia on April 26 and 28, 2017, and asked J.S. to send him nude photographs of herself in return.

Defendant also suggested sexual acts including "cunnilingus, analingus, and anal intercourse" that they could engage in together. Specifically, defendant asked J.S. if she was on birth control and told her that he was "very scared about meeting to be honest with you [be]cause of our age difference."

Nonetheless, defendant and J.S. made plans to meet in person at the Wal-Mart Supercenter in Howell on May 6, 2017, at 8:30 a.m. On his way to the Wal-Mart parking lot, defendant sent multiple emails to J.S. confirming he was en route. At 8:15 a.m., defendant arrived and was immediately placed under arrest.

Defendant claimed he pulled into the Wal-Mart parking lot because his engine light was on, and he intended to check his vehicle. However, a subsequent forensic examination of defendant's cellular phone revealed the

explicit photographs sent to J.S., Google searches for the Howell Wal-Mart, and web artifacts from Craigslist.

On April 20, 2018, defendant was charged under Monmouth County Indictment Number 18-04-0531, with second-degree attempted sexual assault, contrary to N.J.S.A. 2C:14-2(c)(4), (count one); second-degree luring or enticing a child, contrary to N.J.S.A. 2C:13-6(a), (count two); third-degree attempted endangering the welfare of a child, contrary to N.J.S.A. 2C:24-4(a)(1), (count three); and two counts of third-degree attempted obscenity to a minor, contrary to N.J.S.A. 2C:34-3(b)(2), (counts four and five).

On May 14, 2018, defendant applied to PTI. Admission into PTI requires recommendation by the program manager and acceptance by the prosecutor. N.J.S.A. 2C:43-12(e). Both the program manager and prosecutor "shall consider" the following factors in rendering an admission decision:

> (1) The nature of the offense;
>
> (2) The facts of the case;
>
> (3) The motivation and age of the defendant;
>
> (4) The desire of the complainant or victim to forego prosecution;
>
> (5) The existence of personal problems and character traits which may be related to the applicant's crime and for which services are unavailable within the criminal

A-2868-18

justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment;

(6) The likelihood that the applicant's crime is related to a condition or situation that would be conducive to change through his participation in supervisory treatment;

(7) The needs and interests of the victim and society;

(8) The extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior;

(9) The applicant's record of criminal and penal violations and the extent to which he may present a substantial danger to others;

(10) Whether or not the crime is of an assaultive or violent nature, whether in the criminal act itself or in the possible injurious consequences of such behavior;

(11) Consideration of whether or not prosecution would exacerbate the social problem that led to the applicant's criminal act;

(12) The history of the use of physical violence towards others;

(13) Any involvement of the applicant with organized crime;

(14) Whether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution;

5

(15) Whether or not the applicant's involvement with other people in the crime charged or in other crime in such that the interest of the State would be best served by processing his case through traditional criminal justice system procedures;

(16) Whether or not the applicant's participation in pretrial intervention will adversely affect the prosecution of codefendants; and

(17) Whether or not the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program.

[Ibid.]

PTI is intended for defendants in need of rehabilitative services and "when there is an apparent causal connection between the offense charged and the rehabilitative need, without which cause both the alleged offense and the need to prosecute might not have occurred."  Guidelines for Operation of Pretrial Intervention, Pressler & Verniero, Current N.J. Court Rules, Guideline 1, following R. 3:28 at 1289 (2021).[3]  Thus, a PTI determination requires an "individualized assessment of the defendant considering his or her 'amenability

---

[3]  We are mindful that effective July 1, 2018, the Guidelines were eliminated. However, many of the Guidelines's prescriptions—with significant variations—are contained in Rule 3:28-1 to -10.  Moreover, N.J.S.A. 2C:43-12(e) sets forth a list of seventeen nonexclusive factors that prosecutors must consider in connection with a PTI application.  State v. Johnson, 238 N.J. 119, 128 (2019).

to correction' and potential 'responsiveness to rehabilitation.'" State v. Roseman, 221 N.J. 611, 621-22 (2015) (quoting State v. Watkins, 193 N.J. 507, 520 (2008)); see also State v. Nwobu, 139 N.J. 236, 255 (1995) (quoting State v. Sutton, 80 N.J. 110, 119 (1979)) ("PTI decisions are 'primarily individualistic in nature . . . .'").

During his interview, defendant asserted he was a good candidate for PTI because this was his first adult offense, he maintains full-time employment, he is a high school graduate, and PTI would deter him from future criminal activity. Defendant contended it was merely a coincidence he was at the Wal-Mart parking lot on the date and time he agreed to meet the minor, and that he had been "just joking." In addition, defendant claimed stressors in his life, such as the recent death of his father, arguments with his fiancée, and work, justified his actions.

The probation officer who interviewed defendant determined he was not forthcoming about what transpired. On June 15, 2018, the PTI director issued a letter rejecting defendant's application. The letter provided defendant with a statement of reasons, listed each statutory factor as required by N.J.S.A. 2C:43-12(e), and explained why each factor worked in favor of or against defendant's admission.

The letter cited the following statutory factors: the nature of the offense and facts of the case, N.J.S.A. 2C:43-12(e)(1)-(2); a lack of personal problems and character traits related to criminal activity, N.J.S.A. 2C:43-12(e)(5); a lack of likelihood defendant's crime is related to a condition conductive to change through supervisory programs, N.J.S.A. 2C:43-12(e)(6); the interests of the victim and society, N.J.S.A. 2C:43-12(e)(7); a crime of such nature that the public need for protection outweighs any proposed treatment, N.J.S.A. 2C:43-12(e)(14); the interest of the case are best served through prosecution rather than diversion, N.J.S.A. 2C:43-12(e)(15); and the societal harm outweighs the diversionary interest, N.J.S.A. 2C:43-12(e)(17). The letter also noted that the prosecutor had indicated he would not be joining in defendant's application for PTI.

On June 21, 2018, the Acting Assistant Prosecutor issued a letter recommending rejection of defendant's PTI application. The prosecutor noted defendant's application faced both procedural and substantive hurdles: "[defendant] faces two presumptions against his entry into PTI, lacks the necessary motivation to succeed, and PTI is simply inappropriate given the nature and scope of defendant's criminal conduct." Procedurally, defendant faced two strong presumptions against admission to PTI: (1) a mandatory

custodial sentence on count two, pursuant to N.J.S.A 2C:13-6(f); and (2) individuals charged with second-degree offenses are required to make a joint application with the State for PTI, pursuant to the Guidelines for Operation of Pretrial Intervention in New Jersey, Pressler & Verniero, Current N.J. Court Rules, Guideline 3(i)(3), following Rule 3:28 at 935 (2021). In addition, the prosecutor relied on factors one, two, three, seven, nine, fourteen, and seventeen enumerated in N.J.S.A. 2C:43-12(e).

Defendant appealed to the Law Division and argued that the prosecutor had acted arbitrarily and capriciously and abused her discretion in denying his application. In addition, defendant contended that he never actually contacted a minor because Detective Lenart was posing as J.S., and insufficient consideration was given to defendant's lack of a criminal history.

After hearing oral argument on August 15, 2018, the judge determined that the prosecutor considered "all relevant factors" in rejecting defendant's PTI application. The judge found that defendant "has not presented anything that would work to overcome the burden placed upon a defendant seeking to overturn a [p]rosecutor's PTI determination" and noted "PTI is the [p]rosecutor's program, not the [c]ourt's program." In conclusion, the judge stated defendant "has not shown that the [p]rosecutor failed to consider all appropriate factors,"

A-2868-18

and his rejection from PTI "did not represent a patent and gross abuse of discretion." A memorializing order was entered that day.

In accordance with a negotiated plea agreement, defendant pled guilty to second-degree luring, N.J.S.A. 2C:13-6(a), in exchange for the dismissal of the remaining charges against him. After defendant was sentenced, he filed this appeal.

On appeal, defendant presents a single argument for our consideration:

> THE PROSECUTOR AND PTI DIRECTOR'S REJECTIONS OF [DEFENDANT'S] ADMISSION INTO THE [PTI] PROGRAM WERE AN ARBITRARY, PATENT AND GROSS ABUSE OF DISCRETION WHICH MUST BE CORRECTED BY THIS COURT.

Specifically, defendant claims the prosecutor abused her discretion by weighing factors (1), (2), (3), (7), (9), (14), and (17) against admission. Defendant maintains he placed the advertisement in an "adult-only section of the website," and did not contact any underage girls, thereby rendering the State's position "that he would have victimized a minor utter speculation." He also argues he could complete sex offender treatment in the community as a condition of PTI.

A-2868-18

II.

Our scope of review of a PTI denial is "severely limited." State v. Negran, 178 N.J. 73, 82 (2003). We apply the same standard of review as the trial court and review its decision de novo. State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015).

Our Supreme Court has long recognized PTI is a "diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior." Roseman, 221 N.J. at 621 (quoting Nwobu, 139 N.J. at 240). Whether to permit diversion to PTI "is a quintessentially prosecutorial function." State v. Wallace, 146 N.J. 576, 582 (1996). "Prosecutorial discretion in this context is critical for two reasons. First, because it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and second, because it is a primary purpose of PTI to augment, not diminish, a prosecutor's options." Nwobu, 139 N.J. at 246 (citation omitted). Courts therefore afford prosecutors "broad discretion to determine if a defendant should be diverted" to PTI. State v. K.S., 220 N.J. 190, 199 (2015).

Accordingly, a "[d]efendant generally has a heavy burden when seeking to overcome a prosecutorial denial of his admission into PTI." Watkins, 193

11

N.J. at 520. A reviewing court may, however, overturn a prosecutor's rejection of PTI when a defendant "clearly and convincingly establish[es] that the prosecutor's decision constitutes a patent and gross abuse of discretion." State v. Nicholson, 451 N.J. Super. 534, 553 (App. Div. 2017) (citation omitted).

To establish a patent and gross abuse of discretion, a defendant must demonstrate that the prosecutor's decision "(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment" and that "the prosecutorial error complained of will clearly subvert the goals underlying [PTI]." Roseman, 221 N.J. at 625 (quoting State v. Bender, 80 N.J. 84, 93 (1979)). The prosecutorial decision must be "so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention." Wallace, 146 N.J. at 583 (citation omitted). "Where a defendant can make that showing, a trial court may admit a defendant, by order, into PTI over the prosecutor's objection." Roseman, 221 N.J. at 625.

"The assessment of a defendant's suitability for PTI must be conducted pursuant to the Guidelines provided in Rule 3:28, along with consideration of factors listed in N.J.S.A. 2C:43-12(e)." Id. at 621. The decision whether to admit a defendant to a PTI program is "'primarily individualistic in nature' and

a prosecutor must consider an individual defendant's features that bear on his or her amenability to rehabilitation." Nwobu, 139 N.J. at 255 (quoting Sutton, 80 N.J. at 119).

Here, procedurally, there are multiple threshold presumptions that go against admitting a defendant to PTI. "There is a 'presumption against acceptance' into [PTI] for defendants who have committed certain categories of offenses." K.S., 220 N.J. at 198 (quoting Watkins, 193 N.J. at 513). One such category of offenses provides that "[a] defendant charged with a first or second-degree offense… should ordinarily not be considered for enrollment in a PTI program except on joint application by the defendant and the prosecutor." Johnson, 238 N.J. at 128 (emphasis added) (quoting Guidelines for Operation of Pretrial Intervention in New Jersey, Pressler & Verniero, Current N.J. Court Rules, Guideline 3(i), following R. 3:28 at 935 (2021)). Despite the presumptions that can heavily weigh against admission to PTI, there are "no categorical exclusions from PTI[.]" Watkins, 193 N.J. at 522 (citing State v. Baynes, 148 N.J. 434, 445 (1997)). Rejecting a PTI application solely based on "the nature of the offense[,] is appropriate only if the offender fails to rebut the presumption against diversion." State v. Caliguiri, 158 N.J. 28, 43 (1999).

In order to rebut the presumption against admission, a defendant must demonstrate "'compelling reasons' to justify [their] admission into [PTI]." K.S., 220 N.J. at 198 (quoting Watkins, 193 N.J. at 513). The burden is heavy for a defendant "seeking to overcome a prosecutorial denial of his admission into PTI." Watkins, 193 N.J. at 520 (citing Nwobu, 139 N.J. at 246-47).

We agree with the judge's assessment that defendant has failed to surmount the "compelling reasons" standard here. The prosecutor properly recognized the presumption against PTI for second-degree offenses. See e.g., Roseman, 221 N.J. at 623 (noting defendant must demonstrate "truly extraordinary and unanticipated circumstances" to overcome the presumption of incarceration for second-degree offenses (quoting Nwobu, 139 N.J. at 252)). Moreover, defendant had not entered a guilty plea at the time of his PTI application despite being required to do so before being admitted into PTI. N.J.S.A. 2C:43-12(g)(3).

Finally, there was a presumption against admission into PTI because defendant was charged with second-degree luring as defined in N.J.S.A. 2C:13-16(f), a crime that carries a mandatory custodial sentence. See R. 3:28-1(d)(1) (stating that "a person who is charged with a crime, or crimes, for which there is a presumption of incarceration or a mandatory minimum period of parole

14

ineligibility" is ineligible for PTI without the prosecutor's consent).  We therefore discern no abuse of discretion by the prosecutor.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2868-18